UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NEXGEN COASTAL INVESTMENTS LLC,

        Plaintiff,

  v.

                                            Case No. 21-cv-1216-pp

SHARON BLEDSOE,
FRANKLIN FINANCIAL CORPORATION,
and FORT MOTOR CREDIT COMPANY,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER (DKT. NO. 13), GRANTING DEFENDANT BLEDSOE LEAVE TO FILE AMENDED ANSWER AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 14)**

On October 19, 2021, the plaintiff filed a verified complaint for foreclosure of real property and related relief, asserting that the court has diversity jurisdiction over the parties. Dkt. No. 1. The clerk's office issued summonses as to all defendants on October 20, 2021. On December 9, 2021, the court received from defendant Sharon Bledsoe a letter which, in part, appeared to be a response to the allegations in the complaint. Dkt. No. 5. Two weeks later, the plaintiff filed a request for the Clerk of Court to enter default against defendants Franklin Financial Corporation and Fort Motor Credit Company. Dkt. No. 9. The clerk entered default as to these two defendants on December 21, 2021. No further activity occurred in the case until January 27, 2022, when the court ordered the plaintiff to file a status report. Dkt. No. 10.

1

The plaintiff complied; the report indicated that the plaintiff would be preparing and filing a motion for summary judgment and supporting affidavits. Dkt. No. 11.

On February 2, 2022, the plaintiff moved to strike the "defendant's answer," apparently referring to the letter the court received from defendant Bledsoe. Dkt. No. 13. That same day, the plaintiff moved for summary judgment against all defendants on Count I of the complaint (the foreclosure count). Dkt. No. 14. Because defendant Bledsoe is appearing without counsel and because it appears that she attempted to file an answer, the court will deny the plaintiff's motion to strike and will allow Bledsoe to file an answer that complies with the Federal Rules of Civil Procedure. The court will deny without prejudice the plaintiff's motion for summary judgment as to Count I, which does not comply with this court's local rule governing litigation summary judgment motions filed against *pro se* parties. Civil Local Rule 56(a)(1) (E.D. Wis.).

## I.    Plaintiff's Motion to Strike Defendant's Answer (Dkt. No. 13)

Under Federal Rule of Civil Procedure 12(f), a court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Such motions generally are disfavored because they potentially serve only to delay. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). A motion to strike should "not be granted unless it appears to a certainty that plaintiffs would succeed despite any state

2

of the facts which could be proved in support of the defense." Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991) (citation omitted).

The plaintiff asks the court to strike the defendant's answer in its entirety because the plaintiff says that the answer failed to "even admit or deny the allegations contained in the plaintiff's complaint or to state the defenses to each claim asserted in the plaintiff's complaint as required by Rule 8(b), Federal Rules of Civil Procedure." Dkt. No. 13 at 2. The motion to strike does not identify the document it asks the court to strike nor the defendant whom it asserts filed that document, but the court assumes that the plaintiff is asking the court to strike the letter it received from defendant Bledsoe on December 9, 2021 (Dkt. No. 5). According to the plaintiff, the defendant failed to state a cognizable defense and the plaintiff asks that the court strike the "answer" as "insufficient and immaterial." Id. at 3.

The letter the court received from defendant Bledsoe does not comply with Fed. R. Civ. P. 8(b). That rule requires a party to "admit or deny the allegations asserted against it by an opposing party" and "[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8. That said, defendant Bledsoe attempted to respond to the complaint and she does not have a lawyer helping her. Dkt. No. 5. The plaintiff actually inferred that the letter was Bledsoe's attempt to respond to the complaint because it characterized her letter as an "answer" even though the Cerk of Court docketed it as letter about defendant Bledsoe's health condition and

3

residence. Id. The court will allow defendant Bledsoe to file an amended answer that complies with the rules. Defendant Bledsoe must put a "caption" at the top of the first page of the document—the name of the case (NexGen Coastal Investments, Inc. v. Sharon Bledsoe, *et al.*) and the case number (Case No. 21-cv-1216). She must give the document a title—"Answer." In the body of the document, she must respond to each paragraph in the complaint by admitting, denying or saying she doesn't have enough information to either admit or deny each allegation.

## II. Plaintiff's Motion for Summary Judgment (Dkt. No. 14)

Ironically, while the plaintiff moved to strike the defendant's answer for failure to comply with the federal rules, the plaintiff filed a motion for summary judgment (Dkt. No. 14) that does not comply with this district's local rules, which require that when an attorney litigating against a party proceeding *pro se* files a motion for summary judgment,

> (A) The motion must include a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion.
>
> (B) In addition to the statement required by Civil L. R. 56(a)(1)(A), the text to Fed. R. Civ. P. 56 (c),(d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7 must be part of the motion.

Civil L.R. 56(a)(1).

The plaintiff filed a five-page motion without a supporting brief. The plaintiff quotes Rule 56(a) but does not include the texts of the rules mentioned in Civil L.R. 56(a)(1). Nor does the plaintiff include a short and plain statement

4

that any factual assertion will be taken as true if the defendant does not respond. The motion simply recites the summary judgment standard, lists twelve proposed findings of fact and asks that the court find for the plaintiff. Dkt. No. 14 at 4.[1] The court will deny the motion without prejudice.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to strike the defendant's answer. Dkt. No. 13.

The court **ORDERS** that defendant Sharon Bledsoe may file an amended answer in time for the court to *receive it* by the end of the day on **August 19, 2022**. Defendant Bledsoe shall separately respond to each numbered paragraph in the complaint and assert any defenses she has in this case.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for summary judgment. Dkt. No. 14.

Dated in Milwaukee, Wisconsin this 20th day of July, 2022.

BY THE COURT:

HON. PAMELA PEPPER
**Chief United States District Judge**

---

[1] While the motion is titled "Plaintiff's Motion for Summary Judgment on Count I," and while the first paragraph of the motion indicates that the plaintiff is seeking summary judgment on Count I, the *body* of the motion says that the plaintiff is seeing summary judgment on both counts. Dkt. No. 14 at 1. The prayer for relief also seeks summary judgment on both counts. Id. at 4.